RIERA, APPELLANT, v. REGISTRAR OF SAN JUAN, RESPONDENT.

## APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Bargain and Sale.

### Nos. 259 and 260.—Decided February 25, 1916.

ADMINISTRATIVE APPEAL—INTERESTED PARTY—RECORD OF TITLE.—A person ·whose title cannot be recorded without the admission to record of a previous title is an interested party in a decision refusing to record such previous title.

MARSHAL'S DEED—EXECUTION—PARTY TO DEED—ESTOPPEL.—Although a plaintiff in whose favor a deed of sale is executed by a marshal in satisfaction of a judgment because of the failure of the defendant to execute the same does not join in the execution of the deed, he cannot deny the existence of the contract set out in the said deed and is forever estopped from attacking the same.

ID.—ACCEPTANCE OF DEED—RECORD OF TITLE—CURABLE DEFECT.—A marshal complies with a writ of execution for the sale of property with the concurrence of the plaintiff when the deed is executed in the terms prayed for in the complaint and adjudged by the court, but when it is not stated that the plaintiff expressly and with legal formality accepted the deed, it contains a curable defect.

RECORD OF TITLE—PRIORITY OF RECORD—CONSTRUCTION OF LAW.—Article 17 of the Mortgage Law puts in practice the principle that the person who first records, enters, or presents in the registry an instrument conveying the ownership of realty is the first to receive the benefits of the record and takes precedence over those who may have titles of the same or of a prior date, and therefore establishes a reward for the person who records his title and a punishment for the one who fails to do so.

ID.—CONFLICTING TITLES—CONTINUITY OF RIGHTS.—In conformity with the foregoing doctrine, article 17 of the Mortgage Law is applicable only in cases of antagonistic or conflicting titles and not when the titles are in perfect harmony and linked together containing a continuity of rights.     ·

The facts are stated in the opinion.

*Messrs. Bosch & Soto* for the appellant.

The respondent registrar appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Two appeals, Nos. 259 and 260, taken by José D. Riera Cifuentes from decisions of the Registrar of Property of San Juan, Section 1, refusing to record certain instruments, are submitted to our consideration and in view of the close relationship between them we think it advisable to consider them together.

Complying with a writ of execution issued under a judgment rendered in an action brought by María Encarnación and Manuel Teótimo Gestera y Gutiérrez against Teresa Iglesias, widow of Agrait, in the Municipal Court of San Juan for the specific performance of a contract on November 6, 1915, the marshal of the said court, in consideration of the sum of $225 which had been received, executed to the plaintiffs a deed of sale for a lot containing 225.29 meters which Manuel Gestera, the ancestor of the said plaintiffs, had purchased from the defendant. The said deed was presented in the Registry of Property of San Juan, Section 1, and the registrar refused to admit the same to record for the reason stated in the following decision:

"Admission to record is denied because the deed has not been accepted by the purchasers, a fact which inhibits the recording of the instrument in the present case as the marshal who executed it did not comply with the order of the court to the effect that he should execute the deed with the concurrence of the plaintiffs, who are the purchasers. A cautionary notice is entered for the legal period on the reverse side of page 112 of volume 33 of this city, property 1371, entry letter B, with the curable defect that the civil status of the purchasers is not stated."

José Dimas Riera Cifuentes appealed from that decision in case No. 259.

By a former deed of May 6, 1914, Manuel Teótimo and María Encarnación Gestera y Gutiérrez as owners of the said lot which their ancestor had acquired by purchase from Teresa Iglesias, sold it to José Dimas Riera Cifuentes for $225, which they received, and upon presenting the deed of sale in the registry for record the registrar refused to record it for the reasons stated in the following decision:

"Admission to record of the foregoing instrument is denied (1) because the property is recorded in the name of a person other than the vendors; (2) because even supposing the non-existence of the said defect, this instrument could not be recorded as it is of a date

prior to that of the instrument recorded in the name of the said vendors and therefore comes within the prohibition of article 17 óf the Mortgage Law. A cautionary notice is entered, etc."

José D. Riera Cifuentes also appealed from the above decision in case No. 260.

Let us consider the decision of November 17, 1915. In the first place we should state that appellant Riera Cifuentes is an interested party in that decision because the record thereby denied is necessary so that the other instrument executed in his favor may be recorded.

From the deed of November 6, 1915, to which this decision refers, the following facts appear:

(*a*) On May 6, 1912, María Encarnación and Manuel Teótimo Gestera brought an action in the Municipal Court of San Juan against Teresa Iglesias, widow of Agrait, praying for judgment ordering her to execute a deed of sale to the said lot which the defendant had sold to Manuel Gestera, plaintiffs' ancestor, for the sum of $225.

(*b*) That the District Court of San Juan, Section 1, rendered judgement on appeal on November 21, 1913, in favor of the plaintiffs and ordered the defendant to execute a deed of sale to the lot in favor of the plaintiffs for a consideration of $225.

(*c*) That at the instance of the plaintiffs a writ of execution issued to the marshal of the municipal court on September 30, 1915, to the effect that if the defendant failed within five days after demand to execute the deed, he should proceed to execute the same in her name and with the concurrence of the plaintiffs.

In view of these facts, which are set out in an authentic manner in the deed itself by the insertion therein of a literal copy of the writ of execution as an integral part thereof, it is obvious that the purchasers, María Encarnación and Manuel Teótimo Gestera, cannot deny the existence of the said contract and are forever estopped from attacking the same

notwithstanding the fact that they failed to join in the execution of the deed. María Encarnación and Manuel Teótimo Gestera brought and action against Teresa Iglesias to compel her to execute a deed of sale to the lot in consideration of the sum of $225 received by her; they prosecuted the action to judgment in their favor and finally moved the court to issue a writ of execution to the marshal for the execution of the deed in the name of Teresa Iglesias with the concurrence of the plaintiffs. The registrar himself asserts in his brief that the failure of the purchasers to accept the deed is a curable defect and would not justify a refusal to record the same if it were shown that the marshal complied with the writ of execution with the concurrence of the plaintiffs. We are of the opinion that the marshal complied with the writ of execution with the concurrence of the plaintiffs, for the deed was executed in the same terms as prayed for by María Encarnación and Manuel Teótimo Gestera in the complaint and as adjudged by the court, or for a consideration of the sum of $225 which the defendant had received; but, as the purchasers did not state *expressly* and with *legal formality* that they accepted the deed, it contains a curable defect according to the decision of the General Directorate of Registries of Spain of June 19, 1863.

The deed of November 6, 1915, to which appeal No. 259 refers, should be recorded with the said curable defect.

We will now proceed to consider the second decision of November 24, 1915.

When the deed of November 6, 1915, is recorded, although with a curable defect, the lot in question will appear of record in the registry in the name of María Encarnación and Manuel Teótimo Gestera, who sold the same to appellant Dimas Riera by deed of May 6, 1914, and therefore the first defect which caused the denial of admission to record of the said instrument ceases to exist.

As regards the second defect, we are of the opinion that

article 17 of the Mortgage Law, cited by the registrar, is not applicable to the case.   It reads as follows:

"After any deed conveying the ownership or the possession of real property or of property rights therein shall have been recorded, or a cautionary notice thereof entered, no other deed of the same or a prior date conveying or encumbering the ownership of the same real property or property right can be recorded or entered."

The article quoted puts in practice the principle that the person who first records, enters, or presents in the registry an instrument conveying the ownership of realty is the first to receive the benefits of the record and takes precedence over those who may have titles of the same or of a prior date, and, therefore, establishes a reward for the person who records his title and a punishment for the one who fails to do so.   M. Martínez Moreda, Mortgage Legislation, Vol. II, pp. 173-174.

In conformity with the foregoing doctrine, we agree with counsel for the appellant that the said article is applicable only in case of antagonistic or conflicting titles and not when the titles are in perfect harmony and linked together, containing a continuity of rights.

In the deeds of November 6, 1913, and May 6, 1914, there is a succession of rights and not a conflict of titles.   Teresa Iglesias sells the lot to María Encarnación and Manuel Teótimo Gestera, as the successors of Manuel Gestera, and they sell it to José Dimas Riera.

Article 20 of the Mortgage Law prescribes that in order to permit of the record or entry of deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing the same, or of the person in whose name the conveyance or encumbrance is made must first appear of record.   In order to comply with the foregoing provision of law, Riera needs that the title of María Encarnación and Manuel Teótimo Gestera, from whom he acquired the property, shall be recorded in the registry prior to his and as they had no written title to the property

when they sold it to Riera, they acquired such title subsequently, and there is no legal objection to this so far as we can see.

Were we to construe article 17 of the Mortgage Law in the sense in which the registrar has applied it, it would follow that if a property were purchased on a certain day and sold to another person on the same day the fact that the vendor recorded his title first would prevent the vendee from recording his because the titles were of the same date. It would also result that, for example, A being the owner of a property recorded in the registry and sold by A to B and by B to C and B neglecting to record his title in the registry, for which reason C's title is denied admission to record but a cautionary notice is entered, such cautionary notice would prevent B from recording his title so as to allow C to record his.

Therefore, neither is there any legal ground for refusing to record the deed of May 6, 1914.

For the foregoing reasons the decisions of the registrar of November 17 and 24, 1915, should be reversed and the registrar ordered to record the deed of November 6, 1915, to which the first of said decisions refers, with the curable defect that the purchasers failed to accept the deed, and then to record the other deed of May 6, 1914.

*Reversed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.